Filed 20-CI-00217 07/13/2020 Linda Avery, Calloway Circuit Clerk

**COMMONWEALTH OF KENTUCKY**
**CALLOWAY CIRCUIT COURT**
Civil Action No. 20-CI-_____
*Electronically Filed*

BETTY JAYNE GARNETT, AND
JAMES MATTHEW GARNETT, Jr.             **PLAINTIFFS**

VS.           **COMPLAINT**

THE KROGER CO.

    SERVE:     Corporation Service Company,
                     *Registered Agent*
                     421 West Main Street
                     Frankfort, KY 40601

                     BY CERTIFIED MAIL,
                     RETURN RECEIPT REQUESTED

AND

JOE TURNER, INDIVIDUALLY, and as
MANAGER OF THE KROGER CO., Store No. 435            **DEFENDANTS**

    SERVE:     JOE TURNER
                     C/O: THE KROGER Co., STORE No. 435
                     808 NORTH 12TH STREET
                     MURRAY, KY 42071

                     BY CERTIFIED MAIL,
                     RESTRICTED DELIVERY, RETURN RECEIPT REQUESTED

---

    Come Plaintiffs, Betty Jayne Garnett and James Matthew Garnett, Jr., and for their complaint against the Defendant, The Kroger Co., states as follows:

    1. At all times material hereto, the Plaintiffs were citizens and residents of Killeen, Bell County, Texas.

Filed 20-CI-00217 07/13/2020 Linda Avery, Calloway Circuit Clerk

Package:000003 of 000013
Presiding Judge: HON. JAMES JAMESON (642359)
Package : 000003 of 000013

**2.** At all times material hereto, the Defendant, The Kroger Co. (hereinafter referred to as Kroger) was an Ohio foreign for Profit Corporation authorized to do business in the Commonwealth of Kentucky. Service of process can be affected upon Defendant, Kroger, by the Clerk of the Calloway Circuit Court issuing a Summons upon the Defendant, and serving the Summons and Complaint by certified mail, return receipt requested, upon the Defendant's process agent, Corporation Service Company, 421 West Main Street, Frankfort, KY 40601.

**3.** At all times material hereto, the Defendant, Joe Turner, Individually and as Manager of The Kroger Co., Store No. 435 (hereinafter referred to as Turner), was an employee of The Kroger Co., Store No. 435, which is an Ohio foreign for Profit Corporation authorized to do business in the Commonwealth of Kentucky. Service of process can be made upon the Defendant, by the Clerk of the Calloway Circuit Court issuing a Summons upon the Defendant, and serving the Summons and Complaint by certified mail, restricted delivery, return receipt requested to the Defendant, Joe Turner, C/O: The Kroger Co., Store No. 435, 808 North 12th Street, Murray, Kentucky 42071.

## JURISDICTION AND VENUE

**4.** This is an action to recover for personal injuries sustained by the Plaintiff, Betty Garnett while she was a customer at The Kroger store, Store No. 435, in Murray, Kentucky. The acts and/or omissions and conduct complained of in this action occurred in Murray, Calloway County, Kentucky. Jurisdiction is vested and venue is appropriate in the Calloway Circuit Court. The amount in controversy exceeds the minimum jurisdictional limitations of this Court.

## COUNT I

Plaintiff, Betty Garnett, for her first cause of action against the Defendant, Kroger, states as follows:

5. Plaintiff readopts and realleges all of those allegations in paragraphs 1 through 4 as if fully set out herein.

6. That on or about the 14th day of March, 2020, the Plaintiff was a business invitee of the Defendant, Kroger in its Murray, Kentucky, store. Plaintiff had already selected several items from the Kroger store. As Plaintiff passed down the aisle way which contains dairy products she noticed that there were Kroger water, 24 packs on sale on the endcap of the aisle located on the floor on a pallet at two for $5.00. However, since this item was on sale, there were only five, 24 packs of water remaining. Plaintiff decided to purchase two of the 24 pack of Kroger waters. Plaintiff had to step onto the pallet of Kroger water in order to be able to reach the first 24 pack of water. As Plaintiff stepped down off of the pallet, she turned to place the 24 pack of water into her cart and her foot caught in the cellophane which remained on the pallet where the pallet of Kroger water had been improperly unwrapped and fell to the floor. The injuries suffered by the Plaintiff were the direct and proximate result of the negligence of the Defendant, Kroger, its agents, servants, and/or employees in failing to ensure the safety of the premises for use by business invitees including Plaintiff and/or failing to warn business invitees of hazards existing within the store premises, specifically improperly unwrapped pallets of water with cellophane remaining in the floor and in undesignated areas including, the area directly in front of the

Package:000005 of 000013
Presiding Judge: HON. JAMES JAMESON (642359)
Package : 000005 of 000013

endcaps and the aisles designated for business invitees to walk, in order to select items and products to purchase from the Defendant, Kroger.

**7.** Defendant, Kroger, its agents, servants and/or employees had a duty to maintain the premises, including all isle ways in the store and the area directly in front of the endcaps, in a reasonably safe condition for use by retail customers, including the Plaintiff. Further the Defendant, Kroger, its agents, servants and/or employees had a duty to provide adequate warnings to business invitees, including Plaintiff, regarding any unsafe conditions which existed in the premises of the store. Defendant, its agents, servants and/or employees had a duty to routinely inspect the isle ways of the Kroger store to be sure that they were clear of any hazardous conditions, objects and/or other items which could pose a danger to their customers, such as the Plaintiff. Defendant, Kroger, its agents, servants and/or employees failed to comply with these duties which said failure was the proximate result of the injuries sustained by the Plaintiff.

**8.** That the Defendant, Kroger, its agents, servants and/or employees violated their own safety policies and procedures inasmuch as the cellophane was allowed to remain in the aisle way directly in front of the endcap of the store causing a hazard to all customers, including the Plaintiff. That Defendant, its agents, servants and/or employees did not properly inspect and maintain the aisle ways of the store pursuant to Kroger's safety policies and procedures. As a result of the Defendant, its agents, servants and/or employees violations of safety policies and procedures, the cellophane was allowed to remain in the aisle way of the store and caused the Plaintiff to trip and fall and seriously injure herself.

Page 4 of 11

**9.** That the Defendant, Kroger, its agents, servants and/or employees knew or should have known that there would have been a danger posed to their patrons and/or business invitees to allow cellophane from an improperly wrapped pallet to remain in the aisle way directly in front of an endcap which was designated for their patrons and business invitees to walk, in order to purchase goods and products from the Kroger store and that it would cause a hazard which should have been cleared, removed and/or otherwise remedied by the employees of Kroger.

**10.** That the Defendant, Kroger, its agents, servants and/or employees knew or should have known that any cellophane, objects and/or other items not removed by Kroger, its agents, servants and/or employees, in the aisle ways designated for its patrons and/or business invitees, would cause a serious and hazardous condition to all customers, including Plaintiff.

**11.** That the Defendant, Kroger, its agents, servants and/or employees knew or should have known that to permit an improperly unwrapped pallet with lose cellophane on the floor to remain in the aisle way would create a hazardous condition which would be reasonably anticipated, to cause falls by customers, including the Plaintiff, which would ultimately lead to injuries.

**12.** As a direct result of the negligence of the Defendant, Kroger, its agents, servants and/or employees which negligence serves as the sole and proximate cause of Plaintiff's injuries, Plaintiff sustained severe and permanent physical injuries; has incurred services of physicians, hospitals, medical facilities and other providers for medical expenses; will be reasonably required to incur medical expenses in the future; has sustained permanent

Filed          20-CI-00217   07/13/2020          Linda Avery, Calloway Circuit Clerk

impairment to her body as a whole; has sustained and will continue to sustain and suffer from physical and mental pain and suffering and discomfort, past, present and in the future; and has suffered loss of enjoyment of life, past, present and in the future, all to her damage in an amount in excess of the minimum jurisdictional limitations of this Court.

### COUNT II

Plaintiff, for her second cause of action against the Defendant, The Kroger Co., states as follows:

13. Plaintiff readopts and realleges all of those allegations in paragraphs 1 through 12 as if fully set out herein.

14. That the Defendant, Kroger, its agents, servants and/or employees had a further duty to properly remove such cellophane from the floor which was permitted to remain from an improperly unwrapped pallet, objects and/or other items from the aisle ways of the store and to warn the Plaintiff and other customers of the hazard posed by such conditions.

15. In addition, the Defendant, Kroger, its agents, servants and/or employees had a duty to implement preventative measures designed to eliminate or reduce the danger of objects, cellophane and other items remaining in the aisle ways designated for patrons and/or business invitees to be able to walk, in order to purchase goods and products from the store which posed a hazardous condition to customers, including the Plaintiff.

16. The Defendant, Kroger, its agents, servants and/or employees were careless and negligent inasmuch as they allowed the cellophane from the improperly unwrapped pallet to remain in the aisle way and failed to warn customers, including the Plaintiff.

Filed          20-CI-00217   07/13/2020          Linda Avery, Calloway Circuit Clerk

17. The Defendant, Kroger, its agents, servants and/or employees knew or should have known that permitting cellophane from an improperly unwrapped pallet in the aisle way of the store created an unreasonable risk and hazard of injury to customers using the store, including the Plaintiff.

18. Defendants, Kroger, its agents, servants and/or employees knew or should reasonably foresee that a customer such as the Plaintiff should trip and fall on a cellophane permitted to remain in the floor from an improperly unwrapped pallet which had been allowed to remain in the aisle way of the store and result in injury therefrom.

19. The Defendant, Kroger, its agents, servants and/or employees had a duty to maintain the premises in a reasonably safe condition for its retail customers, including the Plaintiff, and to establish and perform frequent inspections of the aisle ways of the store to discover any hazardous conditions such as cellophane from an improperly unwrapped pallet of water, objects and/or other items left unattended and allowed to remain in the aisle ways of the store and further had a duty to properly remove any cellophane, objects and/or other items from the aisle way and to warn the Plaintiff of the hazard posed by the unattended cellophane, objects and/or other items in the aisle ways.

20. As a direct result of the negligence of the Defendant, Kroger, its agents, servants and/or employees which negligence serves as the sole and proximate cause of Plaintiff's injuries, Plaintiff sustained severe and permanent physical injuries; has incurred services of physicians, hospitals, medical facilities and other providers for medical expenses; will be reasonably required to incur medical expenses in the future; has sustained permanent impairment to her body as a whole; has sustained and will continue to sustain and suffer

Presiding Judge: HON. JAMES JAMESON (642359)

from physical and mental pain and suffering and discomfort, past, present and in the future; and has suffered loss of enjoyment of life, past, present and in the future, all to her damage in an amount in excess of the minimum jurisdictional limitations of this Court.

### COUNT III

Plaintiff, Betty Garnett, for her cause of action against the Defendant, Joe Turner, Individually and as Manager of The Kroger Co., Store No. 435, and for her third cause of action against the Defendant, The Kroger Co., states as follows:

21. Plaintiff readopts and realleges all of those allegations contained in paragraphs 1 through 20 as if fully set out herein.

22. That the Defendants, Turner, Individually and as Manager of The Kroger Co., and The Kroger Co., its agents, servants and/or employees, had a duty to properly train, instruct and otherwise prepare employees of Kroger to properly set up displays including, the endcap display of Kroger water and the duty to train, supervise and otherwise guide employees in the proper manner in which to prepare display which would not include leaving cellophane and/or other objects on an endcap in the aisle ways of the Kroger store.

23. That the Defendants, Turner, Individually and as Manager of Kroger, and Kroger, its agents, servants and/or employees, had a duty to train, supervise and otherwise provide guidelines for the safety of its retail customers, including the Plaintiff, Betty Garnett, to establish safety conditions, including the setup of an endcap for Kroger water and how to properly unwrap and remove all cellophane from pallets and encaps.

24. That the Defendant, Turner, Individually and as Manager of Kroger, further had the duty as the General Manager of Kroger, to perform inspections and to have employees

Package:000010 of 000013
Presiding Judge: HON. JAMES JAMESON (642359)
Package : 000010 of 000013

properly trained to perform inspections for hazardous conditions such as the improperly unwrapped endcap with cellophane containing Kroger water which caused the injuries to the Plaintiff, Betty Garnett. In addition, the Defendant, Turner, Individually and as Manager of Kroger, had the duty to warn customers including, Plaintiff, of the hazard posed by unattended cellophane, objects and/or other items in the aisle ways of the Kroger store.

25. As the direct result of the negligence which included failure to properly train, supervise and warn by the Defendant, Turner, Individually and as Manager of Kroger, and Kroger, its agents, servants and/or employees, all of which negligence serves as the sole and proximate cause of the Plaintiff, Betty Garnett's injuries, Plaintiff sustained severe and permanent physical injuries; has incurred services of physicians, hospitals and medical facilities and other providers for medical expenses; will be reasonably required to incur medical expenses in the future; has sustained permanent impairment to her body as a whole; has sustained and will continue to sustain and suffer from physical and mental pain and suffering; and suffering and discomfort, past, present and future; and has suffered loss of enjoyment of life, past, present and future, all in her damage in an amount in excess of the minimum jurisdictional limitations of this Court.

### COUNT IV

Plaintiff, James Matthew Garnett, Jr., for his cause of action against the Defendant, The Kroger Co., states as follows:

26. Plaintiff, James Matthew Garnett, Jr., was the lawfully wedded husband of Plaintiff, Betty Garnett, and was living with and consorting and cohabiting with his wife, Betty Garnett, on the 14th day of March, 2020.

27. Plaintiff, James Matthew Garnett, Jr., is entitled to recover damages against the Defendant, Kroger, its agents, servants and/or employees, for the loss of services, society, companionship and consortium with his wife, Plaintiff, Betty Garnett, as a result of the negligence of the Defendant, Kroger, its agents, servants and/or employees.

28. That due to the injuries sustained by the Plaintiff, Betty Garnett, which were the direct and proximate consequences of one or more of the negligence and careless acts of the Defendant, Kroger, its agents, servants and/or employees, the Plaintiff, James Matthew Garnett, Jr., has suffered a loss of services, society, consortium, companionship of his wife, Plaintiff, Betty Garnett, and will continue to suffer such loss and damages for the remainder of his natural life which have been, prior to the fall complained of herein, of great value to him and he has otherwise been deprived of his wife's affection, society, companionship and consortium, all to his damage in an amount in excess of the minimum jurisdictional limitations of this Court.

WHEREFORE, Plaintiff respectfully demands judgment against the Defendants, The Kroger Co., and Joe Turner, individually and as Manager of The Kroger Co., Store No. 435, as follows:

1. Judgment for the Plaintiff, Betty Jayne Garnett, against the Defendant, The Kroger Co., its agents, servants and/or employees under Count I of the Complaint for

compensatory damages in an amount in excess of the minimum jurisdictional limitations of this court;

2. Judgment for the Plaintiff, Betty Jayne Garnett, against the Defendant, The Kroger Co., its agents, servants and/or employees under Count II of the Complaint for compensatory damages in an amount in excess of the minimum jurisdictional limitations of this court;

3. Judgment for the Plaintiff, Betty Jayne Garnett, against the Defendants, Joe Turner, Individually and as Manager of The Kroger Co., and The Kroger Co., its agents, servants and/or employees under Count III of the Complaint for compensatory damages in an amount in excess of the minimum jurisdictional limitations of this Court;

4. Judgment for the Plaintiff, James Matthew Garnett, Jr., against the Defendant, The Kroger Co., its agents, servants and/or employees under Count IV of the Complaint for loss of consortium damages in an amount in excess of the minimum jurisdictional limitations of this Court.

5. Trial by jury on all issues so triable;

6. All costs incurred herein;

7. Any other relief to which the Plaintiff may be entitled.

RESPECTFULLY SUBMITTED:

HAVERSTOCK, BELL & PITMAN
211 S. 12th Street ~ P.O. Box 1075
Murray, KY 42071
P: 270.753.1694 ~ F: 270.753.2053
hbp@haverstocklaw.com
BY: /s/Gary R. Haverstock
Gary R. Haverstock
*Attorney for Plaintiff*

| AOC-E-105   Sum Code: CI |  | Case #: **20-CI-00217** |
|---|---|---|
| Rev. 9-14 |  | Court: **CIRCUIT** |
| Commonwealth of Kentucky  Court of Justice   Courts.ky.gov |  | County: **CALLOWAY** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** |  |

*Plantiff,* GARNETT, BETTY JAYNE, ET AL VS. THE KROGER CO., ET AL, *Defendant*

**TO:  CORPORATION SERVICE COMPANY**
**421 WEST MAIN STREET**
**FRANKFORT, KY 40601**

Memo: Related party is THE KROGER CO.

The Commonwealth of Kentucky to Defendant:
**THE KROGER CO.**

You are hereby notified that **a legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Linda Avery*
Calloway Circuit Clerk
Date: 7/13/2020

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____        _____
                                    Served By

                                    _____
                                    Title

Summons ID: 259303918105129@00000061045
CIRCUIT: 20-CI-00217 Certified Mail
GARNETT, BETTY JAYNE, ET AL VS. THE KROGER CO., ET AL


Page 1 of 1


eFiled

Package:000002 of 000013
Presiding Judge: HON. JAMES JAMESON (642359)
Package : 000002 of 000013

Linda Avery, Calloway Circuit Clerk
312 N. 4th Street
Murray, KY 42071-2002

CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601

## KCOJ eFiling Cover Sheet

Case Number: 20-CI-00217

Envelope Number: 2593039

Package Retrieval Number: 259303918105129@00000061045

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 12.65

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Package:000001 of 000013

Presiding Judge: HON. JAMES JAMESON (642359)

Package : 000001 of 000013

Page 1 of 1                              Generated: 7/15/2020 9:08:18 AM

